UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| SHERISE HINKLE, | ) | | |
|---|---|---|---|
| Petitioner, | ) | | |
| v. | ) | Nos. | 2:15-CR-66-JRG-MCLC |
| | ) | | 2:16-CV-267-JRG |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Sherise Hinkle's pro se motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Doc. 1].[1] The United States responded in opposition to Petitioner's motion [Doc. 4]. Petitioner did not reply to the Government's response. The Court finds the materials thus submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted in her motion. Accordingly, the Court will decide this matter without an evidentiary hearing. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993).

For the reasons discussed below, the Court will find that Petitioner's § 2255 motion is without merit and, thus, will **DENY** and **DISMISS** the motion **WITH PREJUDICE**.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Petitioner was charged in count one of a one-count information with conspiracy to distribute and possession with the intent to distribute 50 grams or more of methamphetamine, in

---

[1] Unless otherwise noted, all docket references in this opinion are to Case No. 2:16-CV-267.

violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) [Docs. 4, 10, Case No. 2:15-CR-66]. On June 12, 2015, Petitioner agreed to plead guilty, pursuant to a negotiated plea agreement, to the methamphetamine conspiracy as charged in the information [Doc. 5, Case No. 2:15-CR-66]. As a factual basis for her plea, Petitioner stipulated to the following additional facts:

The drug-trafficking conspiracy involved more than 50 grams of actual methamphetamine [Doc. 5 at 2, Case No. 2:15-CR-66]. The scheme operated by means of co-conspirators traveling from Northeast Tennessee to areas surrounding Atlanta, Georgia, to obtain methamphetamine and transporting the methamphetamine back to Northeast Tennessee [*Id.*]. The methamphetamine then would be distributed to others, including methamphetamine users and indicted and unindicted co-conspirators [*Id.*]. For her part in the conspiracy, Petitioner made multiple trips to Georgia, alone and with co-conspirators, to obtain methamphetamine from several sources, and she was aware that co-conspirators shared a common source of supply in Georgia [*Id.* at 3]. At one point, Petitioner assumed a significant role in the conspiracy and "fronted" or sold methamphetamine on two occasions in May, 2014, to a confidential informant. A few days after the first transaction, Petitioner facilitated payment for drugs she provided to the confidential informant by receiving the funds on her Green Dot card [*Id.* at 3].

Officers, who were looking for a coconspirator on an outstanding warrant, found him hiding in Petitioner's residence. A subsequent search of the residence yielded 64 grams of methamphetamine that was intended for resale and two handguns [*Id.*]. Petitioner acknowledged that she should be held responsible for more than 500 grams but less than 1.5 kilograms of actual methamphetamine. Petitioner also agreed that a two-level enhancement for possession of a dangerous weapon or firearm under U.S.S.G. § 2D1.1(b)(1) should apply to her [*Id.*].

On June 22, 2015, ten days after the filing of the plea agreement, Petitioner pled guilty to the methamphetamine conspiracy [Doc. 10, Minute Entry, Case No. 2:15-CR-66]. Thereafter, the United States Probation Office issued a Presentence Investigation Report ("PSR") to assist the Court in sentencing Petitioner [Doc. 21, PSR (sealed), Case No. 2:15-CR-66].

Using the quantity of drugs involved in the offense of at least 500 grams but less than 1.5 kilograms of actual methamphetamine, the probation officer who prepared the PSR determined that Petitioner's base offense level was 34 [*Id.* at ¶ 19]. A two-level enhancement for possession of a dangerous weapon, to which the parties had agreed, resulted in an adjusted offense level of 36 [*Id.* at ¶¶ 20, 24]. A three-level reduction for acceptance of responsibility decreased her total offense level to 33, which, along with a criminal history category of I, yielded an advisory Guidelines range of 135 to 168 months [*Id.* at ¶¶ 26-27, 34, 64]. Neither party objected to the PSR [Docs. 22, 25, Case No. 2:15-CR-66].

Based on Petitioner's substantial assistance to the government, the Court imposed a 102-month term of imprisonment—below Petitioner's guidelines range and her 120-month statutory mandatory minimum sentence —and a 5-year term of supervised release [Doc. 21, PSR ¶ 60, Doc. 36 (Judgment), Doc. 37 (Statement of Reasons) (sealed), Case No. 2:15-CR-66]. Petitioner did not file a direct appeal, consonant with the appeal-waiver provision in the plea agreement [Doc. 5, ¶9(a), Case No. 2:15-CR-66]. Instead, she submitted this timely pro se § 2255 motion to vacate [Doc. 1].

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471

3

F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion).

To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error that violated due process. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

When a petitioner files a § 2255 motion, she must set forth facts which entitle her to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Claims other than those of ineffective assistance of counsel are procedurally defaulted if not raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). "In the case where the defendant has failed to assert h[er] claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255

4

motion [s]he also must show either that (1) [s]he had good cause for h[er]failure to raise such arguments and [s]he would suffer prejudice if unable to proceed, or (2) [s]he is actually innocent." *Regalado*, 334 F.3d at 528 [alterations added]; *see also Bousley*, 523 U.S. at 622-23. The hurdle a petitioner faces to overcome a procedural default is "intentionally high[,]…for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

## III. DISCUSSION

### A. Waiver

Respondent first relies on the plea agreement to assert that Petitioner has waived her right to file this § 2255 motion. As noted earlier in this opinion, in paragraph 9(b) in the plea agreement [Doc. 5, Case No. 2:15-CR-66], Petitioner waived her right to file a motion to vacate, except as to claims of ineffective assistance and prosecutorial misconduct. It is well recognized that a party may waive a provision intended for her benefit in a contract or statute. *Shutte v. Thompson*, 82 U.S. 151, 21 L.Ed. 123, 15 Wall. 151 (1872). Even fundamental constitutional rights may be waived, and the waiver is enforceable if it is made knowingly and voluntarily. "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450-52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Therefore, if Petitioner understood the terms of the plea agreement and made the waiver of her right to file a § 2255 motion voluntarily and knowingly, the waiver is valid and enforceable.

Here, there is little doubt that Petitioner knowingly and voluntarily entered into the waiver provision in her plea agreement. Although no transcript of the Court's change of plea hearing is in the record, this Court recalls that it verified, in testimony under oath by Petitioner, that she

5

understood that she had expressly waived her right to collaterally attack her conviction or sentence, that she had discussed the plea agreement with counsel, and that she had had discussed the waiver provision with her attorney. Thus, all claims are barred by the waiver provision. However, not only are the claims barred by Petitioner's knowing and voluntary waiver of her right to file a § 2255 motion, but the claims lack merit or are fatally flawed in other ways.

**B.    The Claims**

    **1.    Conclusory or Otherwise Deficient Claims** *[Claims one and three]*

Petitioner articulates her first claim as "Conspiracy Credit," which she argues "offers the possibility of a downward departure for those charged with conspiracy" [Doc. 1 at 4; Doc. 1-1 at 1]. Petitioner has not further identified the conspiracy credit upon which she is relying, nor directed the Court to the source of the conspiracy credit. Respondent maintains that it is unaware of any guidelines amendment that affords a downward departure for those charged with conspiracy. Similarly, the Court knows of no such "conspiracy credit" that would lower Petitioner's guidelines range.

Petitioner's third claim, stated in its entirety, is "Guidelines Challenge" [Doc. 1 at 6]. Nothing further is alleged in the § 2255 motion with respect to claim three. For example, Petitioner does not specify the guideline(s) she is attacking nor does she indicate the nature of the guidelines challenge she is mounting.

A petitioner must state facts that point to a real possibility of constitutional error to be entitled to habeas corpus relief. *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977).[2] As explained, claims that lacks factual support are conclusory, and it is well settled that conclusory claims fail to

---

[2] Although *Blackledge* involved a § 2254 proceeding, "[p]recedents under § 2255 and under § 2254 may generally be used interchangeably." *United States v. Asakevich*, 810 F.3d 418, 423 (6th Cir. 2016) (quoting 3 Charles Alan Wright *et al.*, Federal Practice and Procedure § 623 (4th ed. 2015)).

state a claim for collateral relief under § 2255. *See United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court); *see also* Rule 2(b), Rules Governing Section 2255 Proceedings For The United States District Courts (stating that a § 2255 motion "shall specify all the grounds for relief available to the moving party [and] shall state the facts supporting each ground").

Because a petitioner bears the burden of articulating sufficient facts to state a viable claim for relief under 28 U.S. C. § 2255, Petitioner's conclusory allegations do not warrant § 2255 relief for these claims. *See, e.g., United States v. Santiago*, 135 F. App'x 816, 823 (6th Cir. 2005) (finding that arguments lacking supporting analysis need not be considered).

Even if it is possible to connect claim three to Petitioner's allegations in her supporting memorandum that (1) the residual clause in the guidelines was found unconstitutionally vague in *Pawlak v. United States*, 822 F.3d 902 (6th Cir. 2016), and (2) that the Supreme Court justices supported this ruling and opened the use of the sentencing guidelines for challenges [Doc. 1-1], it would not entitle her to relief. In *Pawlak*, the Sixth Circuit determined that the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (finding that the residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague) also applied to a guidelines sentence. *Pawlak* does not help Petitioner because the Supreme Court abrogated that decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (holding that the advisory sentencing guidelines are not subject to vagueness challenges). Furthermore, the record shows that Petitioner was not sentenced under the ACCA, but instead, under the guidelines.

Thus, even generously construing claim three as a residual-clause challenge, it is totally frivolous, as it lacks a legal basis and also is contravened by the record.

Finally, as Respondent points out, missteps in the application of the sentencing guidelines, with limited exceptions, are not cognizable on collateral review. That argument is legally sound. *See Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (explaining that a petitioner's "non-constitutional challenge to his advisory guidelines range ... is not cognizable under § 2255"); *accord, Porter v. United States*, No. 2:09-CR-31, 2015 WL 1033881, at *5 (E.D. Tenn. Mar. 9, 2015) (listing cases). As observed in *Snider*, the collateral review statute for federal prisoners empowers a court to grant relief only where a sentence "was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." *Id.*, 908 F.3d at 189 (quoting 28 U.S.C. § 2255(a)).

Generally, a petitioner's § 2255 claims that do not assert a constitutional or jurisdictional error generally are cognizable only if they involve "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)) (internal quotation marks and citation omitted in original). "A prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated." *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014).

Nothing alleged by Petitioner furnishes a basis for finding that a miscarriage of justice has ensued from the sentencing errors she has alleged in claims one and three. Accordingly, those claimed sentencing errors are not cognizable in this § 2255 proceeding.

### 2. Improper Enhancement *[Claim two]*

Petitioner asserts, as her second ground for § 2255 relief, that the two-level enhancement to her sentence for the firearm was improper. She argues that enhancements, according to Justice

Rehnquist, are required to be presented to a jury, even when they are pled to by a defendant. As support, Petitioner cites *United States v. Booker*, 543 U.S. 220 (2005), and *Alleyne v. United States*, 570 U.S. 99 (2013).

*Booker* reaffirmed the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. In *Alleyne*, the Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element, rather than a sentencing factor, and must be submitted to a jury and found beyond a reasonable doubt. *Alleyne*, 570 U.S. at 103.

Petitioner's base offense level was increased two levels for possession of a dangerous weapon or firearm, under USSG § 2D1.1(b)(1) [Doc. 21, PSR ¶ 20 (sealed), Case No. 2:15-CR-66]. As part of Petitioner's negotiated plea agreement, and as noted in the PSR and in the government's response, Petitioner agreed that the firearm enhancement should be applied [Doc. 5 at ¶ 3(g), Case No. 2:15-CR-66].

The Sixth Circuit has held that "[i]t is not error for a court to sentence a defendant on the basis of facts to which the defendant himself admitted." *United States v. Salas*, 281 F. App'x 496, 500 (6th Cir. 2008) (citing *United States v. Booker*, 543 U.S. 220, 244 (2005)). On the other hand, it is error for a court to decline to apply a firearms enhancement where the plea agreement stipulated that a defendant "should receive a two[-]level enhancement for possession of a firearm pursuant to § 2D1.1(b)(1)." *United States v. Jernigan*, 59 F. App'x 647, 652 (6th Cir. 2003).

Petitioner has not explained the relevance of either *Booker* or *Alleyne* to the facts of her case. Indeed, as Respondent emphasizes, Petitioner's sentencing guidelines range calculation did

not increase her statutory authorized range of punishment, so *Alleyne* is not implicated here. And *Booker* by its own terms excludes "[a]ny fact . . . admitted by the defendant" from a requirement that a jury find such a fact. *Booker*, 543 U.S. at 244; *see also United States v. Henderson*, 135 F. App'x 858, 859–60 (6th Cir. 2005) (explaining that "the defendant admitted all of the facts that were used to enhance his sentence, and *Booker* does not require jury findings as to admitted facts").

Lastly, as was the case with the previous two claims, this sentencing-enhancement challenge is not cognizable on collateral review, with exceptions not applicable here.

### 3. **Amendment 784** *[Claim four]*

Petitioner argues that under Amendment 784 to the Sentencing Guidelines, she qualifies for a two-point reduction of her offense [Doc. 1 at 9, Doc. 1-1]. Her argument is not well-founded.

First, on November 1, 2014, USSG § 2K2.1 (pertaining to firearms and ammunition offenses) was modified by Amendment 784. *See* USSG app. C, amend. 784 (2014). Petitioner's offense level was not impacted by guideline § 2K2.1 because Petitioner was not convicted of a firearm or ammunition offense, but instead of a methamphetamine offense. That guideline and Amendment 784 had nothing to do with Petitioner's sentence.

Even if that guideline had some pertinence to Petitioner's sentence, she was sentenced in May, 2016, after Amendment 784 became effective. Petitioner thus was sentenced under a version of the guidelines that already incorporated Amendment 784. Furthermore, Amendment 784 is not retroactive. *See* USSG §1B1.10(d) (2015) (listing amendments that can be retroactively applied and omitting Amendment 784 from that list).

Second, as the government points out in its response, a request for a sentence modification, for which Petitioner seemingly is asking by requesting a two-point reduction in her guideline

10

calculation, is not cognizable in a § 2255 motion. *See Snider*, 908 F.3d at 189 (finding that non-constitutional attacks on an advisory guidelines range are not cognizable § 2255 claims).

### 4. Minor Role Reduction *[Claim five]*

Petitioner asserts that she qualifies for a minor role adjustment to her sentence, arguing that she did not have a proprietary interest in the criminal activity and was paid to perform single tasks. Petitioner relies on a Ninth Circuit case, *United States v. Quintero-Leyva*, 823 F. 3d 519 (9th Cir. 2016), for its holding that Amendment 794 to USSG § 3B1.2 is a clarifying amendment that applies retroactively.[3] Though Petitioner has not identified the amendment upon which her claim rests, the Court understands, by virtue of her citation to *Quintero-Leyva*, that Petitioner is seeking relief based on Amendment 794 to USSG § 3B1.2. That sentencing guideline provides for a two-level decrease in the offense level if a "defendant was a minor participant in any criminal activity." USSG § 3B1.2(b).

First, as discussed earlier, a request for a sentence reduction, which is what Petitioner effectively is seeking, does not state a cognizable claim that qualifies for § 2255 review. Sentencing claims are to be raised on direct appeal. *Wheeler v. United States*, 329 F. App'x 632, 634-36 (6th Cir. 2009). Even if review of Petitioner's claim were appropriate in a § 2255 motion, Amendment 794, as Petitioner recognizes, is a "clarifying amendment." *See United States v. Carter*, 662 F. App'x 342, 349 (6th Cir. 2016). If a petitioner does not attack her sentence on direct appeal (and Petitioner did not), "a clarifying amendment may provide the basis for § 2255 relief only if it brings to light a 'complete miscarriage of justice.'" *Diaz v. United States*, No. 16-6834, 2017 WL 6569901, at *1 (6th Cir. June 23, 2017) (quoting *Grant v. United States*, 72 F.3d

---

[3] As the United States explains in its response, *Quntero-Leyva* held that Amendment 794 applies retroactively in direct appeals, *id.*, 823 F.3d at 521, but it did not hold that Amendment 794 applies retroactively to cases on collateral review, such as the instant § 2255 motion seeking collateral review.

503, 506 (6th Cir. 1996)). "A prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review when [s]he can prove that [s]he is either actually innocent of h[er] crime or that a prior conviction used to enhance h[er] sentence has been vacated." *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (alteration added).

Nothing alleged by Petitioner furnishes a basis for finding that a miscarriage of justice will occur if she is not given a minor-role adjustment.

Finally, Amendment 794 went into effect on November 1, 2015, and Petitioner was sentenced May 11, 2016. Generally, sentencing and reviewing courts apply the Guidelines Manual in effect at the date of sentencing, with certain exceptions not relevant here. *Peugh v. United States*, 569 U.S. 530, 537–38 (2013); *see also* U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). Petitioner was sentenced after Amendment 794 became effective. Petitioner was sentenced under a Guidelines Manual that already incorporated Amendment 794, as required by USSG § 1B1.11(a). [*See* Doc. 21, PSR at ¶ 18].

Therefore, Petitioner's § 2255 claim that she is entitled to a sentence reduction pursuant to Amendment 794 is not cognizable in a § 2255 motion, and, alternatively, it is completely groundless.

### IV. CONCLUSION

For the reasons discussed in this memorandum opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** and **DISMISSED**. The Court also finds that any appeal in this matter would not be taken in good faith, *see* Fed. R. App. P. 24(a), and will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

## V. CERTIFICATE OF APPEALABILITY

Lastly, under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).

A certificate of appealability should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Those petitioners whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Id.*; *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).

Having examined each of Petitioner's claims under the *Slack* standard, the Court concludes that reasonable jurists could not find the dismissal of the claims to be debatable or wrong. Consequently, the Court will **DENY** issuance of a certificate of appealibility.

A separate judgment will enter.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE